Chief Justice Bibb
delivered the Opinion of the Court.
In 1815, M’Koy purchased a tract of land of Chiles, lying in the county of Mason. In May, 1822, M’Koy accepted a deed from Chiles, with general warranty, and the deed was on the day of its date, acknowledged by Chiles in the clerk’s office, and recorded. The name of Mrs. Chiles, wife of the grantor, is affixed to the deed, but she did not at that time relinquish her right of dower.
In August, 1824, M’Koy exhibited his-bill, against Chiles, praying that a judgment at law for part of the purchase money, obtained upon a note hearing date on the 25th September, 1815, payable 1st June, 1820, might be enjoined, nntil Chiles should procure the relinquishment of the dower of Mrs. Craig, wife of Whitfield Craig, from whom Chiles derives title to the land sold, and the relinquishment, of' Mrs. Chiles’ right to be endowed..
The bill charges that tbe defendant suppressed the fact, that Mrs. Craig had not relinquished her-right of dower, and also promised, at the time- of' the execution of the deed from Chiles to M’Koy, to procure the relinquishment of Mrs. ChileS’ right of dower in a short time; the said Chiles having subscribed bis wife’s name to that deed.
The defendant denies.that he Concealed the fact, that Mrs. Craig’s right of dower had not been relinquished; but substantially admits that he promr ised to procure the relinquishment from Mrs. Chiles. To this latter charge, there is no denial, but it is evaded by denying that at the time of the original agreement in 1815, any promise or stipulation as to the dower rvas then made;-that an after promise was mere voluntary, and that the-want of the- relinquishments are of no importance, as his estate is amply sufficient to indemnify the-complainant, in case he should thereafter suffer by %e claims to dower. But i» his answer he exhi-b *260 its, the evidences of the privy examination, and tim relinquishment of dower, by Mrs. Craig and Mrs. Chiles, respectively, certified by the clerk of the Mason county court, as made before him on the 12th day of October, 1824, taken upon the respective deeds, from Craig to Chiles, and from Chiles to M’Koy.
Worro of the circuit court.
.Potential right of the wife of ono iliroiip;H whom grant- or deduces title, not conceaiod from tho purchaser, is no cause for resisting the payment of the, purchnss money, after a conveyance, and whilst the vendor is solvent.
Where vendor fails to procure q. rolinquishfoent of his wife’s flower, rvhich he promised Vhon the ven* dee accepted the conveyance, he may be enjoined from the collection of the purchase money.
*260 The court dissolved the injunction, with ten per cent damages, and dismissed the bill with costs; and of this M’Koy here complains;
As to the right of dower in Mrs. Craig, the bill stated fraud and concealment; that is denied by the answer, and the cause stands upon the bill and answer, and tbe exhibits referred to in each. \Y hat" ever color of equity there was on this head in tbe bill, it is done away by the answer. The deed of Craig tó Chiles, bears date in February, 1815; and was recorded in .Tidy, 1815, without the relinquishment of Mrs. Craig’s right of dower. When M’Koy accepted the diced of 1822, from Chiles, he might have objected that Mrs. Craig’s right of dower was not released. It was a deed on its face from Craig and wife, but ijo acknowledgment of the wife hod been recorded. M’Koy was bound in law to have inspected that deed, or at least, is charged -with notice of every fact, which an inspection would have disclosed. That Mrs. Craig had not relinquished her dower, would have been disclosed by inspection. 1 laving accepted a deed from Chiles under those circumstances, it would be no cause for injunction afterwards, that Mrs. Craig’s potential right to he endowed was not released; it would have been proper to leave M’Koy to his remedy, upon the warranty against Chiles, (who is not alleged to he insolvent,) in case that right of dower should he asserted.
As to the right of dower in Mrs. Chiles, the promise of the grantor Chiles, to procure it, is not denied; that, he put his wife’s name to the deed is admitted, which makes plain the fact, that the promise by Chiles, that be would procure Mrs. Chiles’ relinquishment, was the inducement on the part M’Koy. to accept the deed without it.
No damages when the grounds for injunction is removed after it was granted, but costs for complainant.
'Crittenden, for plaintiff.
As it was not so procured until after the bill filed, ilie dissolution of the injunction with damages was improper; no damages are due upon' dissolution of an injunction well founded, but dissolved by facts done after, bill filed, according to former decisions of this court.
The complainant was also entitled to his costs in chancery. The vendor Chiles, was endeavoring to coerce the balance of purchase money, ($917 60 cents, out of $8,700,) leaving the dower of his wife over-hanging, by reason of a breach of his promise to have it released; made to induce M’Koy to accept the deed without a relinquishment; the bill properly demanded a relinquishment of Mrs. Chiles’ right of dower; the act done in October, 1824, after the bill filed, was accepted as a compliance with that prayer of the bill.
The decree is reversed, and cause remanded with directions to the circuit to dissolve the injuunction, but without damages, and decree that the defendant pay the complainant his costs in that behalf expended in chancery.
Plaintiff in this court to have his costs.